**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| ASHER BRONSTIN, on behalf himself and all others similarly situated, | No. 2:26-cv-00970-WED |
| Plaintiff, | CLASS ACTION |
| v. | JURY TRIAL DEMANDED |
| IXONIA BANK d/b/a NOVUS HOME MORTGAGE, Defendant. | |

## DEFENDANT'S UNOPPOSED EXPEDITED MOTION FOR EXTENSION OF TIME TO ANSWER, MOVE, OR OTHERWISE RESPOND TO COMPLAINT

### *Civil L. R. 7(h) Expedited Non-Dispositive Motion*

Defendant IXONIA BANK d/b/a NOVUS HOME MORTGAGE ("Defendant"), by and through its undersigned counsel, respectfully moves this Court, ***unopposed***, for an extension of time to answer, move, or otherwise respond to Plaintiff's putative Class Action Complaint (*see* Dkt. 1, "Complaint") for at least thirty (30) days, **through and including July 23, 2026**, or for however long the Court deems appropriate. In support thereof, Defendant states as follows:

1. This matter is a putative class action alleging claims pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq*.

2. Plaintiff filed the Complaint on May 30, 2026. *See* Dkt. 1.

3. Defendant was purportedly served with process on June 2, 2026. *See* Dkt. 2. By operation of Fed. R. Civ. P. 12(a)(1)(A)(i), therefore, Defendant's current initial responsive pleading deadline in this matter is June 23, 2026. *See id*. This Motion is therefore timely.

4. On June 17, 2026, counsel for Defendant conferred with lead counsel for Plaintiff (Anthony Paronich) via email, regarding an extension of thirty (30) days with respect to Defendant's aforementioned responsive pleading deadline. Counsel for Plaintiff confirmed in writing the same day that Plaintiff agrees to and does not oppose such an extension. Defendant's

new deadline to answer, move, or otherwise respond to the Complaint, if this Motion is approved by the Court, would therefore be July 23, 2026.

5. There are several reasons as to why Defendant and its counsel seek and are in need of an extension of time as to Defendant's pleading deadline. First, Defendant just retained suitable TCPA defense counsel, and Defendant and its new counsel need sufficient time to adequately investigate the underlying facts and allegations in the Complaint, prepare an appropriate responsive pleading(s), confer with opposing counsel about same, and potentially explore an extra-judicial resolution with Plaintiff and opposing counsel, the latter of which may obviate the need for Defendant to respond to the Complaint altogether if successful. Second, Defendant's counsel have several unmovable professional and personal scheduling conflicts with the current deadline, including briefing deadlines and hearings in several other pending federal matters and pre-planned out of town travel, which (along with intervening holiday) make completing the foregoing tasks by the current deadline extraordinarily difficult. Third, an extension will promote efficiency and conserve judicial and party resources, by allowing Defendant sufficient time to investigate the claims and attempt to reach an extra-judicial resolution without having to engage in motion practice. Fourth, despite denying liability, Defendant desires to explore an extra-judicial resolution with Plaintiff, has been having productive discussions with Plaintiff in this regard, and desires to continue those discussions without burdening the parties with litigation costs or the Court's resources, and therefore needs additional time to do so.

6. In light of these issues, therefore, Defendant seeks additional time on its pleading deadline to permit Defendant and its counsel to investigate the claims alleged in the putative class action Complaint, attempt to negotiate an extra-judicial resolution with Plaintiff (if appropriate), and prepare an appropriate response to the Complaint (if needed).

7.      No previous extensions have been made or granted as to this deadline. No other case deadlines will be impacted by the requested extension.

8.      This motion is made in good faith and not for the purpose of delay. No party to this action will be unduly prejudiced by the granting of the requested extension of time, especially as the parties are in agreement. An extension will not impact the timely resolution of this matter, or any other deadlines, as this case is in its early stages.

9.      Thus, Defendant respectfully submits that there is sufficient "good cause" to grant the requested extension, for at least the reasons provided above.

10.     In seeking this extension, Defendant does not waive and reserves all rights including, but not limited to, the right to compel arbitration and to assert the defenses of lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, lack of standing, failure to state a claim upon which relief can be granted, and any other defenses to the purported claims alleged in Plaintiff's Complaint available under applicable law. Nothing in this Motion should be construed as a waiver of any of Defendant's rights, arguments, or objections, including its arbitral rights to the extent there is an applicable arbitration agreement between the parties (to be determined).

11.     Per the Court's procedures and Civil L. R. 7(h), Defendant respectfully submits this as an "expedited" motion.

WHEREFORE, Defendant respectfully requests that the Court enter an order granting this Motion, thereby extending the deadline for Defendant to answer, move, or otherwise respond to the Complaint **to and including July 23, 2026**, and granting Defendant such other relief as the Court deems just and proper. A proposed order is attached for the Court's consideration.

3

Dated: June 18, 2026

Respectfully Submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Samantha J. Katze*

Samantha J. Katze
John W. McGuinness*
A. Paul Heeringa*
7 Times Square
New York, NY 10036
Tel: 212.790.4579
skatze@manatt.com

*Counsel for Defendant*

*\*Admission to be requested*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document (including any attached exhibits and documents) to be filed electronically on the Court's CM/ECF docket on June 18, 2026 which served same electronically upon all counsel of record.

By: */s/ Samantha J. Katze*